**In re Leonard PATRICK, a Witness Before the Special January 1974 Grand Jury.**

**No. 74 GJ 1362.**

United States District Court, N. D. Illinois, E. D.

Dec. 17, 1974.

James R. Thompson, U. S. Atty., Gerald Ward, Sp. Asst. Atty. Gen., Chicago Strike Force, Chicago, Ill., for Government.

Edward J. Calihan, Jr., Anna R. Lavin, Chicago, Ill., for respondent.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

This matter is before the court on the petition of the United States for an order granting immunity pursuant to 18 U.S.C. §§ 6002–6003 to Leonard Patrick, a witness before the Special November 1974 Grand Jury. For the reasons set forth below, this petition shall be granted.

On January 31, 1974, Patrick was granted immunity by this court pursuant to 18 U.S.C. §§ 6002–6003 for testimony to be given before the Special January 1974 Grand Jury. Patrick thereafter testified before that grand jury on February 6 and February 27, 1974. The Special January 1974 Grand Jury has since been discharged and the Government now desires the witness to testify before the Special November 1974 Grand Jury.

The Government states that the investigation being conducted by the Special November 1974 Grand Jury results from and is ancillary to the investigation previously conducted by the Special January 1974 Grand Jury. The Government also states that the witness has appeared on December 12, 1974 before

the Special November 1974 Grand Jury and, asserting his fifth amendment privilege, has refused to testify. The government now seeks an additional grant of immunity to cover any testimony the witness may give before the Special November 1974 Grand Jury. The witness opposes the grant on the ground that the Government has failed to satisfy the requirements prescribed in 18 U.S.C. § 6003.

Section 6003 sets out the immunity procedure to be followed in grand jury proceedings. The United States Attorney may seek an immunity order only with the approval of the Attorney General, Deputy Attorney General, or an assistant attorney general who is designated by the Attorney General. Normally, this provision is satisfied by the filing of a letter from the Attorney General or his designate authorizing the United States Attorney to seek an immunity order. Thus, prior to the January grant of immunity, the Government submitted to the court a letter from Henry E. Petersen, Assistant Attorney General, to James R. Thompson, United States Attorney, dated November 21, 1973, authorizing the United States Attorney to seek an immunity order requiring Leonard Patrick to testify "in the above matter and in any further proceedings resulting therefrom or ancillary thereto. . . ."

It is the Government's position that since the areas of inquiry of the Special November 1974 Grand Jury are the same as those of the Special January 1974 Grand Jury, the Government need not submit an additional authorization letter. The witness contends that an additional letter is required every time the witness is brought before a new grand jury.

The function of the authorization letter is to insure that immunity orders are obtained only in situations where the testimony of the witness is necessary to the public interest. 18 U.S.C. § 6003 (b)(1). Once the Attorney General has made that determination, it is immaterial whether the information sought from the witness is presented to one or several grand juries. The witness asserts that if the Government's position is accepted he would be susceptible to recall before any grand jury for an indefinite time. However, the Attorney General's certification that the testimony sought is, in fact, necessary is only valid so long as the focus of the inquiry remains the same. If the United States Attorney seeks testimony not related to the matter which gave rise to the original grant of immunity, a second authorization letter would have to be obtained.

It is therefore ordered that the Government's petition for an order granting immunity pursuant to 18 U.S.C. §§ 6002–6003 to compel testimony before the Special November 1974 Grand Jury shall be, and the same is hereby, granted.