**R. L. FISHER, Appellant,**

v.

**MARUBENI COTTON CORPORATION and H. Molsen Company, Appellees.**

No. 74–1972.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 8, 1975.

Decided Dec. 4, 1975.

Raymond H. Vogel, Cape Girardeau, Mo., for appellant.

John L. Oliver, Cape Girardeau, Mo., for appellees.

Before GIBSON, Chief Judge, HENLEY, Circuit Judge, and VAN PELT,* Senior District Judge.

VAN PELT, Senior District Judge.

Appellant appeals from a contempt order issued by the district court requiring him to pay to the appellees certain costs and attorneys fees claimed for enforcing appellant's compliance with a subpoena duces tecum. We reverse and remand for the reasons stated.

The issues presented in this appeal are:

1) Whether the district court has the authority under the Federal Rules of Civil Procedure in its enforcement of a duly issued and served subpoena duces tecum to tax costs and attorneys fees against a non-party.

2) Whether the appellant was deprived of a reasonable opportunity to be heard and to explain his failure to comply with the district court's subpoena within the time set in the subpoena.

The appellees were parties to litigation in the United States District Court for the Northern District of Mississippi. In April, 1974, in connection with that litigation, they had a subpoena duces tecum issued from the United States District Court for the Eastern District of Missouri and served on appellant, who was not a party to the Mississippi action. He was directed to appear on May 2, 1974, to testify and to produce certain records and documents with reference to sales by Henry Gosa of Greenwood, Mississippi, of Gosa's 1973 cotton crop.

On May 2, 1974, appellant, without an attorney, appeared at the designated place for the deposition. He produced only a portion of the documents requested. They were marked Exhibits 1, 2 and 3. He stated, "I brought what I had." Admitting there were other documents in his possession or that of his auditor, he stated that he had been unable to procure them in time for the deposition. During the taking of the deposition he called the bank from which he obtained some personal money orders which he had delivered to Mr. Gosa and authorized the lady (a Mrs. Stillwell), to whom he talked, to furnish by letter to counsel who was examining him, information about these money orders. Later he was told to go to the bank, obtain the information, and give it to the reporter who was taking the deposition. There are attached to the deposition without bearing exhibit numbers, copies of three personal money orders. It is highly probable that they were enclosed with his letter of May 4, 1974, to the reporter, a copy of which is also attached to the deposition, which appears in the Supplemental Appendix.

On July 12, 1974, a pleading designated application for an order "pursuant to Rule ·37 [Federal Rules of Civil Procedure] compelling enforcement of subpoena and for sanctions as provided therein" and a motion under Rule 45 "to hold R. L. Fisher in contempt for refusal to comply with the subpoena" was filed. This

* The Honorable Robert Van Pelt, United States Senior District Judge for the District of Nebraska, sitting by designation.

pleading, among other things, asked that Fisher be ordered to pay reasonable expenses, including attorneys fees and costs.

An order to show cause was issued July 26, 1974, setting a hearing for August 16. The order, the application and the motion were served on Fisher by the U. S. Marshal on July 30, 1974.

The record of the hearing held August 16 comprises two double-spaced typewritten pages of letter-size paper, as shown on pages 12, 13 and 14 of the Appendix.

Mr. Fisher appeared at the hearing without counsel. He told the court, "I have the stuff that they wanted." After counsel had stated, "Now, these are things, of course, that I do not know what he has here, whether they comply with this subpoena or not, but I would ask at this time that the Court enter the order subject to our inspection in determining whether or not these do comply[,]" the court then stated:

Well, let the record show that the order will be signed subject to the performance that's indicated here and I will expect to hear from counsel as to whether or not it complies with the subpoena deces [sic] tecum.

Let the record further show that this matter, of course, is in the Federal Courts of another State, the Northern District of Mississippi, Greenville Division, and I might admonish you, Mr. Fisher, that in the event you fail to comply—I don't know what those lawyers and the Judge down there is going to do, but I well imagine that under the law of sanctions that you might find yourself with a judgment against you strictly because of your failure to comply.

You prepare the order, Mr. Jones, and the Court will sign it. And for the purpose of the record, so there be no mistake, I would suggest that you prepare some sort of an inventory or receipt.

MR. JONES: I will do so, Your Honor.

THE COURT: All right, thank you, gentlemen.

MR. JONES: May we prepare that order and forward it to the Court the first of the week then?

THE COURT: You may. Thank you, gentlemen.

When the order appealed from was presented to the court does not appear but it is dated October 7, 1974. The affidavits on which the order is based were dated September 19 and October 4, and included services performed after August 16, so it would appear quite certain that it was not presented until after October 4, and certainly was not forwarded the next week. The order finds that on August 16, Fisher did produce the documents called for in the subpoena of April 17, 1974, and that counsel "were satisfied that R. L. Fisher had complied with the subpoena." The order further finds petitioner was entitled under Rules 37 and 45 of the Federal Rules of Civil Procedure to recover costs, including reasonable attorneys fees, and ordered Fisher to pay $719.05.

Thereafter, Fisher employed counsel who on October 17, 1974, filed a motion to set aside or amend the order and judgment. This was denied on October 30, and this appeal followed.

■ The applicable law is undisputed. A district court has inherent power to enforce compliance with its lawful orders and mandates by awarding civil contempt damages, including attorneys fees. *See Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Gompers v. Buck's Stove and Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1910); *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1922); *Folk v. Wallace Business Forms, Inc.*, 394 F.2d 240 (4th Cir. 1968). A subpoena is a lawfully issued mandate of the court issued by the clerk thereof. It is the responsibility of every citizen to respond to this mandate. *United States v. Bryan*, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884

(1950), and it is within the court's power to force that response.

It is also clear that there are two rules, Rule 37 and Rule 45, in the Federal Rules of Civil Procedure, providing a method of punishing a witness for contemptuous acts. In the October 7 order appealed from, the district court cited both rules. In the original motion upon which the October 7 order was based, appellees relied on both rules. In denying the motion to set aside the October 7 order, the court stated that its action "was based upon this Court's authority conferred upon it by Rule 37(b) . .."

The court's reliance on Rule 37 and more specifically on 37(b)[1] was misplaced. The authority to take the action it took against the appellant could only come from Rule 45(f).[2]

■ Rule 37 does not apply to the instant situation for two basic reasons. First, its application to acts of non-production of documents is limited by its terms to parties to the action. Secondly, even if it did apply to non-parties, its sanction provisions are not applicable until there has been an order by the court compelling production. There was no such order by the court below.

■ There appear to be three major provisions in the federal rules pertaining to requests and orders for production of documents. Two of them, Rule 34 and Rule 30(b)(5) apply only to parties to the action. If the person is a non-party, production of documents can be compelled only by a subpoena duces tecum issued under Rule 45(d)(1). 8 *Wright & Miller, Federal Practice and Procedure*, § 2108 (1970); *cf. Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

The purpose of Rule 37 is to provide the mechanism by which Rules 26 to 36 can be made effective, *Wright & Miller,*

*supra*, § 2281. It is of limited application when applied to non-parties. It can only be used to order a non-party to answer written and oral questions under Rules 30 and 31. It has no application to a non-party's refusal to produce documents.

> *If a deponent* fails to answer a question propounded or submitted *under Rules 30 or 31*, ,  . . .  or *a party* fails to answer an interrogatory submitted under Rule 33, or if *a party*, in response to a request for inspection submitted under Rule 34, fails to respond  .  .  .  the discovering party may move for an order compelling an answer  .  .  .  or an order compelling inspection in accordance with the request  .  .  .. *Fed.R.Civ.P.* 37(a)(2) [emphasis added].

The omission of any reference to a non-party's production of documents is important to Rule 37(b)'s application in the instant case. Without such a reference in Rule 37(a), Rule 37(b) sanctions have no application to the appellant. *See Application of Johnson & Johnson*, 59 F.R.D. 174 (D.Del.1973).

Although the above paragraphs dispose of any questions concerning the application of Rule 37 to the appellant, a further showing of its misapplication in this case may be helpful.

When the discovery procedure is initially set in motion by the parties themselves without a court order, the party seeking discovery must first obtain an order under Rule 37(a) requiring the recalcitrant party or witness to make the discovery sought; it is only a violation of this order that is punishable under Rule 37(b). 8 *Wright & Miller, supra* §§ 2282 and 2289; *accord, Wembley, Inc. v. Diplomat Tie Co.*, 216 F.Supp. 565 (D.Md.1963).

---

1. *Contempt.* If a party or other witness refuses to be sworn or refuses to answer any question after being directed to do so by the court in the district in which the deposition is being taken, the refusal may be considered a contempt of that court.

2. *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued.

In this case, a court order was never issued under Rule 37(a). The request for the appellant to produce the documents was set in motion by the appellees through the subpoena process. The district court did not issue an order under Rule 37(a) and, in fact, as previously stated, it could not have since the rule's language is specifically limited to parties.

In this case the subpoena duces tecum was issued by the district court under Rule 45(b) and it directed the appellant to produce the designated documents at his deposition and to permit the appellees to inspect and copy the same. If the non-party appellant was in fact errant without "adequate excuse," the proper course was to find him in contempt under Rule 45(f).

Although the district court incorrectly relied on Rule 37(b), the resulting contempt order against the appellant would undoubtedly have been the same had Rule 45(f) been considered. If the case was not to be remanded for the reasons set forth below, this error would be considered harmless under the circumstances.

A more serious question is presented when we review the August 16 show cause hearing, and the opportunity, or lack thereof, given the appellant to explain his delay in producing the documents. It does not appear to this court that the appellant was given meaningful opportunity to be heard.

Rule 45(f) states that a person cannot be found in contempt if he has "adequate excuse" for disobeying the subpoena. "Failure to obey a subpoena is not a contempt if there is 'adequate excuse.' A showing that the person subpoenaed was unable to comply is a complete defense to a contempt charge." 9 *Wright & Miller, Federal Practice and Procedure*, § 2462, p. 450 (1971); *accord, United States v. Bryan*, 339 U.S. 323, 330, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950); *Desmond v. Hachey*, 315 F.Supp. 328 (D.C.Me.1970).

■ Although the contempt involved in this case was civil in nature and served mainly the purpose of the other litigant, the basic requirements of due process—adequate notice and proper hearing—were still required. *United States v. Boe*, 491 F.2d 970 (8th Cir. 1974); *Philippe v. Window Glass Cutters League*, 99 F.Supp. 369 (W.D.Ark.1951).

Like any civil litigant, a civil contemnor is . . . clearly entitled to those due process rights, applicable to every judicial proceeding, of proper notice and an impartial hearing with an opportunity to present a defense . . . .. Certainly the history of contempt litigation, . . . prescribes extreme care and insistence on the full indicia of due process in contempt cases . . . .. *Brotherhood of Locomotive Firemen & Enginemen v. Bangor & Aroostook R. Co.*, 127 U.S. App.D.C. 23, 380 F.2d 570, 581–582, *cert. denied*, 389 U.S. 327, 88 S.Ct. 437, 19 L.Ed.2d 560 (1967).

*Accord, Gialde v. Time, Inc.*, 480 F.2d 1295 (8th Cir. 1973); *Consolidation Coal Co. v. Local No. 1784*, 514 F.2d 763 (6th Cir. 1975); *In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1947); *Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925).

■ The appellant received sufficient notice. He was present at the hearing on August 16. He produced all documents requested. He was undoubtedly aware of why the hearing was being held. However, he was not given a reasonable opportunity to be heard in his own defense or to give reasons for his behavior.

When the appellant appeared without counsel and presented the requested documents to the appellees, the district court then made the above quoted statement in which, although he mentioned the seriousness of the charges against Fisher, he did not indicate to him the fact that it was the Missouri court which later would find him in contempt. In fact, he cautioned Fisher about what the Mississippi court might do. It is reason-

able to believe when Fisher left the courtroom that he had no idea he had been found in contempt or would be ordered to pay appellees' expenses. The court's statements were nebulous and seemed to relate to whether the appellant had finally delivered all the documents. Since the appellant had delivered all the requested documents, it was not unreasonable for him to believe that nothing further would be required of him and there was no reason for him to believe that he would be ordered to pay attorneys for work which would be done after August 16.

Although there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the appellant be given the opportunity to be heard "at a meaningful time and in a meaningful manner." *See Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965); *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). In order for the appellant to have been heard in a meaningful manner, it seems the district court was under a duty to advise the appellant of his right to have counsel present and his right to present an explanation of his actions. At the very minimum the court should have made sure the appellant understood the purpose of the hearing and the probable consequences, and it should have requested the appellant to make explanatory statements concerning his non-responsive acts. Evidence as to costs and expenses to be taxed should have been presented in open court. To allow the appellant to leave the courtroom without a full understanding of what had transpired did not comport with due process. Therefore, the appellant must be given another opportunity to explain his position, present his defense and question the items of claimed expense.

We reverse the decision of the district court and remand the case for further proceedings in accordance with this opinion. The costs on appeal will be taxed to appellees. We again suggest to counsel that the trial court might well have been spared hearing matters of such little importance.