**UNITED STATES of America and Patrick L. Doyle, Revenue Agent of the Internal Revenue Service, Appellees,**

v.

**Donald V. ANDERSON, as President of Don Anderson Construction, Inc., Appellant.**

**No. 76–1900.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1977.

Decided April 19, 1977.

Anderson was found in contempt of court for failure to comply with the court's order requiring him to produce records summoned by the Internal Revenue Service. The court ordered him confined for sixty days or until he agreed to produce the records. After spending approximately three weeks in jail,[1] Anderson was released. His claims of error raise the following issues:

(1) That the District Court improperly found him in civil contempt for failing to show cause for noncompliance with the I.R.S. Summons and court order;

(2) That the proceedings did not comply with the requirements of due process; and

(3) That where loss of liberty may result, the due process clause requires that counsel be provided for one charged with civil contempt.

Because we hold today that Anderson is entitled to appointed counsel if he is indigent, we need not consider the other issues raised.

## APPOINTMENT OF COUNSEL

Anderson requested counsel and stated that he could not afford to hire his own. The court informed him that he was not entitled to appointed counsel in a civil proceeding of this nature but could retain counsel at his own expense. We disagree.

Donald V. Anderson, pro se.

William F. Clayton, U. S. Atty., and Robert D. Hiaring, Asst. U. S. Atty., Sioux Falls, S. D., on brief for appellees.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Donald V. Anderson, individually and as President of Don Anderson Construction, Inc., appeals the District Court's order finding him in civil contempt under 28 U.S.C. § 1826. He has appeared pro se at all stages of these proceedings.

■ A person charged with civil or criminal contempt is entitled to have counsel present, to be given adequate notice, and to have an opportunity to be heard. The circumstances which permit a waiver of these requirements are not present in this case. *In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 92 L.Ed. 682 (1947); *Howard v. United States,* 182 F.2d 908, 915 (8th Cir. 1950). Three Circuit Courts of Appeals have considered the exact issue raised in this case. Each has concluded that due process requires that the right of an indigent to appointed counsel "must be extended to a contempt proceeding, be it civil or criminal, where the defendant is faced with the pros-

---

1. Because Anderson was released on bond, the thirty-day provision of 28 U.S.C. § 1826(b) po-

ses no jurisdictional problem. *See Melickian v. United States,* 547 F.2d 416 (8th Cir. 1977).

pect of imprisonment." [2]  *In re Di Bella,* 518 F.2d 955, 959 (2nd Cir. 1975); *In re Kilgo,* 484 F.2d 1215 (4th Cir. 1973); *Henkel v. Bradshaw,* 483 F.2d 1386 (9th Cir. 1973); *United States v. Sun Kung Kang,* 468 F.2d 1368 (9th Cir. 1972).

■ Deprivation of liberty has the same effect on the confined person regardless of whether the proceeding is civil or criminal in nature. We agree with the decisions cited above and hold that the Constitution requires that counsel be appointed for indigent persons who may be confined pursuant to a finding of civil contempt. Because the District Court did not determine whether Anderson was indigent, we retain jurisdiction of this case but remand it to the District Court for a finding on this issue. If the District Court finds that Anderson is indigent, the judgment of the District Court is ordered vacated and the District Court is ordered to appoint counsel for Anderson and readjudicate the civil contempt charge. If the District Court finds that Anderson is not indigent, we retain jurisdiction of this appeal and order the District Court to certify the appropriate findings of fact to this Court. We will then consider the merits of the District Court's findings as to indigency and the issues raised by Anderson in this present appeal. Our decision here does not reflect our views on the merits of the initial judgment of contempt.

We remand the case to the District Court for proceedings as directed in this opinion.

---

**2.** The Supreme Court in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), held that counsel must be provided for a defendant in any case where the accused may be imprisoned if found guilty. Although it is clear that this decision applies to criminal cases, Justice Douglas's majority opinion, as well as the concurring opinions of Chief Justice Burger and Justice Powell, with whom Justice Rehnquist concurred, suggest that where a court action may result in a deprivation of liberty, due process requires that the person facing loss of liberty be represented by counsel.