570 F.2d 813
 Frank James FREEMAN, Appellant,
v.
James MABRY, Commissioner, Arkansas Department of
Correction, Appellee.
Clarence J. ROWLAND, Jr., Appellant,
v.
James MABRY, Commissioner, Arkansas Department of
Correction, Appellee.
 Nos. 77-1603 and 77-1604.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 9, 1978.
Decided Feb. 17, 1978.
 
 Festus H. Martin, Jr., Fayetteville, Ark., for appellant.
 Garner L. Taylor, Jr., Asst. Atty. Gen., Little Rock, Ark., Bill Clinton, Atty. Gen., and Robert J. Govar, Asst. Atty. Gen., Little Rock, Ark., on brief, for appellee.
 Before GIBSON, Chief Judge, and ROSS and WEBSTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frank J. Freeman and Clarence J. Rowland, Jr., appeal from the dismissal of their petition for a writ of habeas corpus. We affirm.
 
 
 2
 Appellants were arrested on July 10, 1974, in an automobile at a gas station adjacent to a Holiday Inn in Fayetteville, Arkansas. They and two other men, Maurice Derrick and Herod Louis Boyd, were charged in state court with possession of heroin with intent to deliver. The charges resulted from the sale of heroin to an undercover agent at the motel.
 
 
 3
 The jury found appellants guilty and sentenced them to a prison term of thirty years. An appeal was taken to the Arkansas Supreme Court, which unanimously affirmed their conviction. Freeman v. State, 258 Ark. 496, 527 S.W.2d 623 (1975). After exhausting their available state remedies, appellants petitioned the District Court[1] for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court conducted a hearing on the merits on March 30, 1977, and subsequently dismissed the petition. Three issues are preserved in this appeal: (1) whether the denial of appellants' motion for continuance after they retained a different attorney infringed upon their Sixth and Fourteenth Amendment right to effective assistance of counsel; (2) whether pretrial publicity deprived appellants of their right to a fair trial before an impartial jury; and (3) whether the admission into evidence at the trial of two guns seized at the time of arrest denied them due process and equal protection under the Fourteenth Amendment.
 
 
 4
 Only the first contention merits full discussion.[2] From the time of their arrest in July, until early September, appellants were represented by Erwin Davis and R. H. "Bud" Byers, who also represented the other two defendants. On September 9, 1974, Davis and Byers withdrew as appellants' counsel, citing nonpayment of legal fees as the reason.[3] This withdrawal was officially noted on the docket sheet on September 18, 1974. At that time the state trial court attempted to appoint the public defender to represent Freeman and Rowland, but they rejected this representation. On Friday, September 20, 1974, Freeman and Rowland contacted Jeff Duty, an attorney with extensive criminal defense experience, including drug offenses. Duty agreed to represent them at trial. Duty testified that he was unable to begin work on the case until the following Monday, thereby effectively limiting his preparation for the trial, which was to begin on Friday, September 27, 1974, to four days. On the first day of trial, Duty moved for a continuance, which was denied.
 
 
 5
 Appellants argue, as they did before the Arkansas Supreme Court and the District Court below, that their attorney had insufficient time in which to prepare an adequate defense. They do not challenge the competency of their counsel but argue that the trial court's failure to give their counsel adequate time to prepare for trial denied them the right to effective assistance of counsel.
 
 
 6
 The time afforded counsel is but one factor to be considered in deciding whether appellants have been denied the effective assistance of counsel. See Wolfs v. Britton, 509 F.2d 304, 309 (8th Cir. 1975).[4] Because counsel testified that he effectively had only four days to prepare the case, however, we have examined the record of the District Court and of the state trial court, and the particular facts of this case, with much care. Having done so, we conclude that the District Court's conclusion that no constitutional violation resulted from the short period of time appellants' counsel had to prepare their defense is well supported by the evidence. Furthermore, there was substantial evidence of guilt produced at trial and we are satisfied that, on the record as a whole, no miscarriage of justice resulted from the state trial court's denial of the motion for a continuance.
 
 
 7
 It should be noted, as the District Court found, that appellants knew of their original attorneys' withdrawal at least eighteen days prior to trial. Yet, they failed to act, and even rejected the appointment of the public defender to represent them nine days prior to trial.
 
 
 8
 The nature of the state's evidence made this case one in which the central issue before the jury was the credibility and accuracy of the testimony of D.E.A. agents who were maintaining a surveillance at the scene of the purchase. The testimony presented at the state court trial linked the four defendants together at the motel. Freeman, Rowland, and Derrick had driven to the Fayetteville motel in Boyd's car. Two of the state police officers who were maintaining a surveillance at the motel testified that they saw Rowland and Freeman together in this car in the motel parking lot. When Boyd approached the car, Rowland, the driver of the automobile, reached into the back seat and produced a brown paper bag which he handed to Freeman, the passenger. Freeman then handed the paper bag to Boyd, who was standing outside the car. Boyd was later observed delivering this brown paper bag to Derrick. The heroin sold to the undercover agent by Derrick was contained in a brown paper bag. At trial, appellants did not seek to explain these actions. In fact, Rowland, who was the only defendant to take the stand, contended that the events did not occur as the agents testified. He also asserted that he had come to the Holiday Inn to "party" with the other men and had no knowledge of any drugs.
 
 
 9
 Further, no showing was made that appellants' trial preparation or strategy would have changed if more time had been available. Both appellant Freeman, and Duty, the trial counsel, testified at the District Court evidentiary hearing that they knew of no potential witnesses whom they would have contacted if there had been more time. Duty also testified that he had an opportunity to interview the major prosecution witnesses, including one of the agents whose testimony linked the two appellants to the heroin purchased by the undercover agent. On this record, we agree with the District Court that appellants failed to show that they were prejudiced by the short preparation time.[5]
 
 
 10
 Our examination of the record convinces us that the state court's denial of the motion for a continuance did not deprive the appellants of their right to the effective assistance of counsel. We therefore affirm the District Court's dismissal of the petition.
 
 
 
 [1]
 The Honorable Paul X Williams, United States District Court for the Western District of Arkansas
 
 
 [2]
 Appellants' two remaining contentions are without merit. First, the state trial judge conducted an extensive voir dire of the jury revealing that none of them had read or seen the news item of which appellants complained. Prejudice was simply not shown. Second, evidentiary issues do not support a petition under § 2254 unless the introduction of such evidence violates a specific federal constitutional provision. Hogan v. State, 535 F.2d 458 (8th Cir. 1976). See Spencer v. Texas, 385 U.S. 554, 568-69, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Brinkley v. United States, 560 F.2d 871, 874 (8th Cir. 1977). No such violation was established in this case
 
 
 [3]
 This withdrawal was communicated to the state court by a letter from Davis dated September 9, 1974, following a telephone conversation on Friday, September 6, 1974. Davis testified that he had conversations with the appellants regarding possible withdrawal prior to September 6, and although Davis did not specifically recall handing copies of this letter to appellants Freeman and Rowland, he testified this was his regular procedure and he was reasonably sure he had done so in this instance. Implicit in the District Court's finding that the delay in obtaining a new attorney subsequent to September 9 was attributable to the appellants, is a finding that Freeman and Rowland were aware of the withdrawal as of that date. The record supports this inference
 
 
 [4]
 Some of the factors for consideration were set out by this Court in Wolfs v. Britton, 509 F.2d 304, 309 (8th Cir. 1975)
 In each case we must weigh, among other factors, the time afforded counsel, the gravity of the charge, and the complexity of the possible defenses as well as the accessibility of witnesses to counsel.
 See also Chambers v. Maroney, 399 U.S. 42, 53-54, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
 
 
 [5]
 Duty testified that additional time would have allowed him to file motions which he did not have time to file and to have an analytical test run by an independent chemist to determine the nature of the seized substance. No contention is made, however, that the substance was not heroin. At trial, Duty was able to join in the objections of counsel for the other defendants to the introduction of two guns seized at the time of arrest. In his testimony, he gave no specific reason why he could not have filed a motion for a change of venue, which he contends he would have done had he been allowed more time to prepare