**In re John F. FARRELL, Appellant.**

**No. 79–1518.**

United States Court of Appeals, First Circuit.

Argued Nov. 6, 1979.
Decided Dec. 20, 1979.

**924**

Clifford J. Ross, Manchester, N. H., for appellant.

Robert T. Kennedy, Asst. U. S. Atty., Concord, N. H., with whom William H. Shaheen, U. S. Atty., Concord, N. H., was on brief, for appellee.

Before COFFIN, Chief Judge, CAMP-BELL, Circuit Judge, WYZANSKI, Senior District Judge *.

COFFIN, Chief Judge.

This is an appeal from a judgment of civil contempt imposed on a prospective grand jury witness pursuant to 28 U.S.C. § 1826(a). Appellant, having pleaded guilty to an indictment charging him with possession with intent to distribute marijuana, was asked to testify before a grand jury investigating the importation of a large quantity of marijuana on appellant's boat. Appellant, by his written and oral representations, consistently took the position that he would give no more than minimal information because of his fear for the life and safety of himself and his family. He specifically did not assert his privilege against self-incrimination.

Notwithstanding the provisions of 18 U.S.C. §§ 6002 and 6003 restricting use immunity to those who assert a claim of self-incrimination, the prosecution, reciting its belief that appellant was likely to refuse to testify on the basis of the privilege, applied for and the court granted immunity and ordered appellant to testify. By its terms the order was to become effective "only if after the date of the Order [appellant] refuses to testify . . . on the basis of his privilege against self-incrimination." At a hearing on the same day, appellant requested time to document, factually and legally, his position that he should not be forced to testify because of his fears for the life and safety of himself and his family. Over the opposition of the government, which took the correct position that such a ground was not just cause for refusal to obey an order of court to testify, *Piemonte v. United States*, 367 U.S. 556, 81 S.Ct. 1720, 6 L.Ed.2d 1028 (1961), the court granted the request, signalling the distinct possibility that appellant "will be ordered to testify".

On the same day the prosecution petitioned to court to hold appellant in contempt. In reciting appellant's refusal to testify and the grant of immunity, the petition contained the following words. "*Invoking his Fifth Amendment privileges against self-incrimination* John F. Farrell has refused to testify regarding the activities under investigation by the Grand Jury." The italicized words were stricken and initialed, presumably by the Assistant U. S. Attorney. Responding to the petition, appellant filed his "Position", reaffirming that "his reluctance to testify is and has been based upon a genuine and well-founded fear . . . ."

---

* Of the District of Massachusetts, sitting by designation.

On September 20, 1979, a contempt hearing was held. Appellant reiterated his basis for refusing to testify and also made clear his lack of interest in the government's witness protection program. Appellant's counsel conceded that *Piemonte, supra,* was "strikingly similar" to this case and appealed rather to "the human consideration here". The court read 28 U.S.C. § 1826(a), detailing the procedure to be followed in a case of civil contempt, stated that the law was clear that even a substantial basis for fear was not just cause for refusal to testify, and asked whether appellant, "with that in mind", still refused to answer. On receiving an affirmative answer, the court found appellant in contempt.

Counsel for appellant, notwithstanding his awareness of *Piemonte, supra,* filed a brief with this court repeating his plea that the court indulge his client's fears for personal and family safety. His oral argument bore no relationship to the brief, but was directed to the fact that the only order to testify was hinged to a situation where appellant based his refusal on his privilege against self-incrimination—a condition not present here.

Initially, we were impressed by this argument, and considered whether we should not remand to the district court so that a more formal order to testify could be entered. Because of the seriousness of civil contempt judgments we wished to assure ourselves that full due process had been accorded, despite our disinclination to consider issues raised for the first time on appeal. Our further deliberations, however, convince us that this appeal cannot be said to have any other than superficial merit.

■ Although in *In re Bianchi,* 542 F.2d 98 (1st Cir. 1976), we were dealing with the notice given an appellant at a show cause hearing of the specific questions he had refused to answer, rather than notice of an order to testify, what we said applies here: "While a witness must be given a meaningful opportunity to present his defense at a hearing under 28 U.S.C. § 1826, [citation omitted], this summary procedure does not require meaningless formalities that would only serve to delay the proceedings." *Id.* at 101. Here it seems questionable that appellant should have been granted immunity in the first place, he having steadfastly adhered to his basis of fear for life and safety. In any event, even if it could be said that appellant might have been misled by the original form of the order to testify, any such possibility was removed by the government's petition for adjudication in contempt and its telltale strikeover of any Fifth Amendment claim. That this is so was underscored by appellant's response which was framed entirely in terms of his fear for himself and his family. The hearing itself should therefore be taken as a hearing on an order to testify, from which any reference to a claim of self-incrimination had been deleted, such deletion being well understood by both parties. "[E]ven if he could point to some technical defect . . . , appellant obviously had actual notice of the charge against him." *Id.* Were there any doubt about this, it would be dispelled by the court's question: "With [immunity from prosecution] in mind, do you still refuse to answer the questions posed before the Grand Jury dealing with the investigation here into these alleged offenses involving the smuggling of marijuana?" and appellant's unqualified "Yes, Your Honor."

■ The appellant could not have been prejudiced by the fact that the court had not said "Even though your refusal is not based on the grounds of self-incrimination, I order you to testify." The factual situation here is remarkably similar to that in *United States v. Handler,* 476 F.2d 709 (2d Cir. 1973), where a grant of immunity had been accorded to a grand jury witness, but the witness refused to testify on the grounds that he was in danger. The court informed the witness that this was no excuse but gave him no formal notice. When he persisted in his unwillingness, the court held him in contempt. On appeal, the contempt finding was upheld because section 1826(a) requires only that the cited party have notice sufficient to contest the con-

tempt petition. *Id.* at 713. Likewise here, appellant's categoric answer to the court's question, consistent with his position from the beginning, rendered the opportunity to answer further questions superfluous.

*Affirmed.*