UNITED STATES of America, Appellee,

v.

**Thomas Allen SHEEHY, Appellant.**

No. 81–1959.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1982.

Decided Feb. 16, 1982.

Daniel M. Scott, argued, Federal Public Defender, D. Minn., Minneapolis, Minn., for appellant.

James M. Rosenbaum, U. S. Atty., Janice M. Symchych, argued, Asst. U. S. Atty., D. Minn., Minneapolis, Minn., Barbara Shiels, Legal Intern., for appellee.

Before LAY, Chief Judge, and ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Thomas Sheehy was convicted of criminal assault in violation of Title 18 U.S.C. §§ 113(c) and 1153 at a jury trial on August 3, 1981, and sentenced to five years impris-

onment. Defendant appeals the trial court's[1] denial of appellant's motion for a new trial based on ineffective assistance of counsel. We affirm for the reasons hereinafter discussed.

On October 3, 1980, Sheehy was involved in a fight with Warren Deegan outside a dance held at the Bois Forte Indian Reservation. Evidence clearly showed that during the altercation Sheehy cut Deegan's neck with a knife. However, there was a question as to who initiated the fight. Deegan testified that Sheehy began the fight; defense witnesses testified that Deegan attempted to pick a fight with Sheehy throughout the evening.

On Friday, July 24, 1981, four days before Sheehy's trial was to begin, appellant dismissed his attorney because no pretrial investigation had taken place. That afternoon the court appointed a federal public defender who began preparing for the trial. He contacted the original attorney, located the prosecutor and her file, and hired a private investigator who interviewed witnesses on the reservation during the weekend. Defense counsel subpoenaed 17 witnesses on Monday, July 27, 1981, and made further requests for subpoenas on Tuesday. At the beginning of the trial on Tuesday, counsel moved for a 13 day continuance in order to further investigate the case. The court denied the motion; however, it provided periodical continuances during the trial.

Appellant argues that the court's denial of a continuance prevented defense counsel from interviewing witnesses prior to trial and thus deprived appellant of his right to effective assistance of counsel under the sixth amendment.

■ The standard of review for effective assistance of counsel is whether the attorney " 'exercised the customary skill and diligence that a reasonably competent attorney would perform under such circumstances.' " *Beran v. United States*, 580 F.2d 324, 326 (8th Cir. 1978), *cert. denied,*

440 U.S. 946, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979) (citation omitted). The court must determine first whether the attorney breached a duty to his client and secondly, whether prejudice followed from the breach. *Id.* at 326–27. The defendant has a heavy burden to overcome the presumption of effective counsel. *United States v. Blue Thunder*, 604 F.2d 550, 554 (8th Cir.), *cert. denied*, 444 U.S. 902, 100 S.Ct. 215, 62 L.Ed.2d 139 (1979).

■■ In addition to the issue of ineffective assistance of counsel, there exists the issue of whether the trial court abused its discretion in denying a continuance. A denial of a continuance will be reversible error only if there is a clear abuse of discretion. *United States v. Reed*, 658 F.2d 624, 627 (8th Cir. 1981). To determine whether the trial court abused its discretion, the reviewing court will consider factors including counsel's time for preparation, conduct of counsel at trial, and presence of prejudice in the record. *United States v. Campbell*, 609 F.2d 922 (8th Cir. 1979), *cert. denied*, 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980).

■ In the context of this case, grounded either on ineffective assistance of counsel or abuse of discretion in denying a continuance, the critical issue is whether the appellant was materially prejudiced by the trial court's failure to grant a continuance in order for the appellant's counsel to further prepare the case. After carefully reviewing the record, we cannot find such prejudice.

The court granted a continuance at the commencement of the trial during which counsel and his investigator were able to interview all of prosecution's witnesses. In addition, defense counsel was able to present seven of the twenty witnesses subpoenaed, interviewing all these witnesses during the midtrial recess. During the trial itself, the trial court found that the defendant received "able and effective assistance

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

of defense counsel." The record shows that defense counsel provided an effective opening statement prior to introducing the defense witnesses and presented witnesses supporting appellant's argument that Deegan initiated the fight. Finally, appellant fails to show what new evidence would have been introduced had defense counsel had further time to investigate. *See Beran v. United States, supra,* 580 F.2d at 327. Further evidence appears only cumulative to that evidence already presented.

After carefully considering the record, including briefs and the district court memorandum and the arguments, we conclude that under either ineffective assistance of counsel or abuse of discretion in denying a continuance, sufficient prejudice does not exist in the record to warrant reversal. Judgment affirmed.