**In re Grand Jury Appearance of Patrick J. O'BRIEN Before the Special Federal Grand Jury.**

**Appeal of Patrick J. O'BRIEN.**

**No. 84–1206.**

United States Court of Appeals, Eighth Circuit.

Submitted March 2, 1984.

Decided March 8, 1984.

Robert G. Ulrich, U.S. Atty., W.D. Mo., Kansas City, Mo., Richard J. Marien, Atty., U.S. Dept. of Justice, Washington, D.C., for appellee.

James R. Wyrsch, Koenigsdorf, Kusnetzky & Wyrsch, Kansas City, Mo., for appellant.

Before BRIGHT, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

Patrick O'Brien appeals from a district court[1] order entered February 7, 1984, holding him in civil contempt pursuant to 28 U.S.C. § 1826 for his refusal to testify before a federal grand jury after being granted immunity in accordance with 18 U.S.C. §§ 6002 and 6003. We affirm.

In August 1983, the government subpoenaed O'Brien to appear before a special federal grand jury investigating a large gambling operation. After O'Brien refused to testify on fifth amendment grounds, the government granted him immunity pursuant to a letter of authorization from the Department of Justice dated August 15, 1983. At that point, however, O'Brien's testimony was no longer needed and he was excused.

In November 1983, the government subpoenaed O'Brien to appear before a successor grand jury investigating another aspect of the same gambling operation. Appellant appeared but again refused to testify. The government obtained a second grant of immunity based on the August 15 letter of authorization, but O'Brien still declined to testify. Thereafter, the district court gave O'Brien several opportunities to show cause why he should not be held in civil contempt. When the special grand jury reconvened on February 7, 1984, O'Brien was given one last chance to testify, but he refused to do so. The district court found O'Brien in civil

---

1. The Honorable Ross T. Roberts, United States District Judge for the Western District of Missouri.

contempt and ordered him confined until he testified or until the term of the special grand jury expired. This appeal followed.

O'Brien first argues that he was justified in refusing to testify because his immunity grant does not protect him from prosecution for perjury. He suggests that his grand jury testimony would be inconsistent with a statement he made under oath in a prior court proceeding, and the government could use the inconsistency to convict him of perjury. However, truthful testimony before the grand jury poses no threat of prosecution for perjury based on prior inconsistent statements. *See In re Grand Jury Proceedings (Greentree)*, 644 F.2d 348, 350 (5th Cir.1981) (per curiam); *In re Grand Jury Proceedings (Horak)*, 625 F.2d 767, 770 (8th Cir.), *cert. denied*, 449 U.S. 840, 101 S.Ct. 117, 66 L.Ed.2d 47 (1980). We therefore reject this argument.

O'Brien also contends that he was justified in refusing to testify because the November grant of immunity was invalid. Appellant points out that the government relied on the August 15 Department of Justice letter to obtain the second grant of immunity. According to O'Brien, a new letter of authorization was required because his second appearance was before a new grand jury and was about a different matter. We disagree. In the circumstances of this case, where the focus of the successor grand jury's investigation was the same overall gambling operation, we conclude that the August 15 letter was adequate to confer valid immunity. *See In re Weir*, 520 F.2d 662 (9th Cir.1975); *In re Patrick*, 385 F.Supp. 189 (N.D.Ill.1974).

Appellant next contends that he should not have been held in contempt because the government intended to question him based on information obtained in the course of illegal electronic surveillance in the state of Nebraska. *See Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). Specifically, he contends that the application for an order approving the surveillance was defective on its face because it did not disclose prior authorized surveillance of appellant as required by Nebraska and federal law. *See* Neb.Rev.Stat. § 86–705(1)(e) and 18 U.S.C. § 2518(1)(e). The government concedes that O'Brien had been overheard pursuant to prior federal electronic surveillance of other parties. The government denies, however, that at the time of the application in question, O'Brien had ever been a named party in an application or order. It contends that disclosure of mere "overhears" was not required, and that even if the information should have been included on the application, the omission was insufficient to render the surveillance unlawful. *See United States v. Abramson*, 553 F.2d 1164 (8th Cir.), *cert. denied*, 433 U.S. 911, 97 S.Ct. 2979, 53 L.Ed.2d 1095 (1977). It appears that the issue of the legality of the surveillance was resolved against appellant in an earlier proceeding in the District Court for the District of Nebraska, in which O'Brien pled guilty to one count of gambling violations. In any event, we conclude that no illegality has been asserted or shown which justifies O'Brien's refusal to answer questions before the grand jury.

Finally, appellant contends that his testimony before the grand jury would violate his first amendment right to freedom of association by compromising his social and family relationships. This contention is also without merit.

Accordingly, we affirm.