## In re Matter of GRAND JURY SUBPOENA.

## Appeal of Jay Kenton SAMUELSON.

### No. 83–2509.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1984.

Decided July 30, 1984.

Michael L. Pritzker, Ltd., Michael L. Pritzker, Marcia L. Smith, Chicago, Ill., for appellant.

Rodney S. Webb, U.S. Atty., Gary Annear, First Asst. U.S. Atty., Fargo, N.D., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

The petitioner, Jay Kenton Samuelson, appeals from a finding of, and sentence for, civil contempt. We affirm.

## I. Facts

In 1981, the petitioner was convicted of various federal crimes and was sentenced to prison for those violations. In August of 1983, while still serving his sentence, a writ of *habeas corpus ad testificandum* was issued for the defendant's appearance before a grand jury which was meeting in Fargo, North Dakota on September 9, 1983. The grand jury was interested in finding out who the petitioner's drug suppliers had been.

On September 8, the petitioner requested a court-appointed attorney. An attorney

was appointed, but was able to confer only briefly with the petitioner the evening before his grand jury appearance. The next day the petitioner appeared before the grand jury. He was asked if he knew four individuals. The petitioner refused, on the basis of his constitutional rights, to answer these questions. As a result, the government made a motion in federal district court, which requested an order compelling the petitioner to testify.

At a hearing on the motion, the petitioner's attorney objected to the proceeding on the basis that there had been inadequate time to prepare a response to the motion. The attorney also informed the court that he felt inexperienced in the areas of criminal law and grand jury procedure. Nevertheless, the attorney asserted, as a response to the motion, petitioner's rights to effective assistance of counsel, due process of law, equal protection of the laws, and the petitioner's right against self-incrimination. The attorney asked the court for time in order to determine the possible implications of a continued refusal to testify. This request was denied and the district court[1] ordered the petitioner to testify.

The petitioner was brought before the grand jury once again, asked the same questions, and again refused to testify on the bases of constitutional rights. On September 10, the petitioner was brought before the district court which adjudged him to be in contempt. The district court ordered that the petitioner be imprisoned until he saw fit to purge himself of contempt by testifying before the grand jury. The petitioner appeals from this finding and order.

## II. Discussion.

### a. The ineffectiveness of counsel claim.

The petitioner argues that appointment of counsel on short notice, counsel's total unfamiliarity with the facts surrounding the petitioner's criminal conviction, and counsel's unfamiliarity with the area of

criminal law, precluded the possibility of effective assistance of counsel. We disagree.

It is clear that in a civil contempt proceeding, the petitioner was entitled to the basic requirements of due process both at the hearing on the motion to compel and at the contempt hearing. That is, the petitioner was entitled to notice, an opportunity to be heard, and counsel. *United States v. Anderson,* 553 F.2d 1154, 1155 (8th Cir. 1977); *Fisher v. Marubeni Cotton Corp.,* 526 F.2d 1338, 1343 (8th Cir.1975). It is also clear that, while a witness is not entitled to have counsel present in the room where the grand jury hearing is taking place, witnesses are entitled to have their counsel outside the room and to consult with their counsel whenever necessary. *United States v. Mandujano,* 425 U.S. 564, 581, 96 S.Ct. 1768, 1778, 48 L.Ed.2d 212 (1976). Finally, the right to counsel is the right to "effective assistance of counsel." *Strickland v. Washington,* —— U.S. ——, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), *quoting, McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970); *United States v. Cronic,* —— U.S. ——, ——, 104 S.Ct. 2039, 2044, 80 L.Ed.2d 657 (1984), *quoting, McMann,* 397 U.S. at 771 n. 14, 90 S.Ct. at 1449 n. 14.

When a petitioner claims that external circumstances have precluded effective assistance of counsel, as opposed to claiming that counsel's performance was ineffective, we look to the total circumstances surrounding the proceedings to determine whether the claim has merit. As a threshold matter, there is a presumption that counsel has been competent. *Cronic,* —— U.S. at ——, 104 S.Ct. at 2046; *Rachlin v. United States,* 723 F.2d 1373, 1379 (8th Cir.1983). Thus, the burden rests on the petitioner to demonstrate that there has been a constitutional violation. *Cronic,* —— U.S. at ——, 104 S.Ct. at 2046;

---

1. The Honorable Ronald N. Davies, United States District Judge for the District of North Dakota.

*United States v. Sheehy,* 670 F.2d 798, 799 (8th Cir.1982).

In viewing the totality of the proceedings we weigh, among other factors, the time afforded to counsel, the gravity of the charge, and the complexity of possible defenses. *Sheehy,* 670 F.2d at 799; *Freeman v. Mabry,* 570 F.2d 813, 815 n. 4 (8th Cir.), *cert. denied,* 439 U.S. 845, 99 S.Ct. 142, 58 L.Ed.2d 146 (1978), *quoting, Wolfs v. Britton,* 509 F.2d 304, 309 (8th Cir.1975). *See* Note, *Ineffective Assistance of Counsel as Grounds for Habeas Relief in the Eighth Circuit,* 16 C.U.L.Rev. 1065, 1073–74 (1983). We also consider counsel's experience. *See United States v. Easter,* 539 F.2d 663, 666 (8th Cir.1976). However, these factors "are relevant to an evaluation of a lawyer's effectiveness in a particular case, but neither separately nor in combination do they provide a basis for concluding that competent counsel" was unable to provide a petitioner with effective representation. *Cronic,* —— U.S. at ——, 104 S.Ct. at 2049. Indeed, a petitioner must show that the presence of one or more of these factors resulted in prejudice. *See Cronic,* —— U.S. at ——, 104 S.Ct. 2048–49 n. 31; *Sheehy,* 670 F.2d at 799.

The petitioner argues that the short notice on which counsel was appointed affected counsel's ability to render effective representation. Late appointment of counsel does not justify a presumption that counsel was ineffective. *Cronic,* —— U.S. at ——, 104 S.Ct. at 2048; *see also Chambers v. Maroney,* 399 U.S. 42, 53–54, 90 S.Ct. 1975, 1982–1983, 26 L.Ed.2d 419 (1970); *Sheehy,* 670 F.2d at 799, 800; *Freeman,* 570 F.2d at 815, and we are unable to see how the petitioner was prejudiced by the timing of the appointment. Assuming, as we must, that counsel was competent, it must be remembered that the petitioner was called before the grand jury so that he could be questioned about events which had given rise to his criminal conviction. Counsel and petitioner were both informed of this purpose. It does not require a great deal of time to determine that the

double jeopardy clause of the Fifth Amendment[2] would prohibit any further prosecution against the defendant for crimes he had been tried for and convicted of already. *U.S. Const.* amend. V. It must also be remembered that the only questions the defendant had been asked, at the time that the hearings on the motion to compel and contempt took place, were whether he knew four individuals. An attorney should be able to determine that knowing another person, in and of itself, is not a crime.

The petitioner also argues that his attorney was unfamiliar with the area of criminal law, and that this factor contributed to counsel's ineffectiveness. Unfamiliarity with an area of the law does not justify a presumption of ineffectiveness any more than does late appointment of counsel. *Cronic,* —— U.S. at ——, 104 S.Ct. at 2050; *Easter,* 539 F.2d at 666. Further, a competent attorney need not be schooled in the area of criminal law in order to know that the Fifth Amendment's double jeopardy clause prohibits more than one conviction for the same crime, nor to know that acquaintance with another individual is not a crime. We do not think the petitioner was prejudiced by his attorney's alleged unfamiliarity with criminal law.

Finally, the petitioner argues that counsel's total unfamiliarity with his previous conviction, in connection with the two factors discussed above, rendered counsel's assistance ineffective. This contention might have some merit save for the fact that, because of petitioner's refusal to respond to preliminary and legally innocent questions, the grand jury never got around to asking him any questions relating to his previous conviction. Further, when we review counsel's actual performance at the hearing on the motion to compel, we are convinced that the petitioner did receive adequate representation. Counsel tendered every defense which possibly could have been available to the petitioner. Thus, we conclude that the petitioner was

2. The Fifth Amendment provides that "nor shall any person be subject for the same offense to be

twice put in jeopardy of life or limb ...." *U.S. Const.* amend. V.

not denied the effective assistance of counsel.

b. The denial of due process claim.

The petitioner contends that there was insufficient notice for the contempt hearing, and that at the contempt hearing he was denied a meaningful opportunity to present his defense. Thus, he was denied due process of law. We disagree.

■■■■ A petitioner is entitled to reasonable notice of a charge and an opportunity to be heard in defense before a punishment can be imposed. *Groppi v. Leslie,* 404 U.S. 496, 502, 92 S.Ct. 582, 586, 30 L.Ed.2d 632 (1972); *In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948); *Anderson,* 553 F.2d at 1155; *Fisher,* 526 F.2d at 1342. However:

> The determination of what constitutes a reasonable time. is committed to the sound discretion of the district court and will, of course, vary with the circumstances.... If there is a need for resolution of factual disputes, or if the legal issues are complex, more time will be needed for preparation than might otherwise be the case.

*In re Grand Jury Proceedings,* 550 F.2d 1240, 1242 (3d Cir.1977). Given the circumstances of this case, the petitioner had reasonable notice of the contempt hearing as well as a meaningful opportunity to be heard.

It is true, as the brief for the petitioner points out, that contempt proceedings can and often do present complex issues of law and fact in which constitutional questions of major importance are present. However, this is not one of those cases.

■■■■ In this case there were no factual disputes and the legal issues were neither complex nor meritorious. The only constitutional defense available to the petitioner was his Fifth Amendment right against self-incrimination. However, because he could not possibly incriminate himself by answering questions about facts related to his previous criminal conviction, nor incriminate himself either by admitting or denying his acquaintance with certain individuals, this defense was without merit. An extension of time could not have changed this fact. Due process does not require that a district court engage in "meaningless formalities that would only serve to delay the proceedings." *In re Farrell,* 611 F.2d 923, 925 (1st Cir.1979), *quoting, In re Bianchi,* 542 F.2d 98, 101 (1st Cir.1976). The petitioner was not denied due process of law.

c. The Fifth Amendment claim.

The petitioner argues that he was entitled to invoke his Fifth Amendment right against self-incrimination because the grand jury ultimately may have asked questions about criminal activities other than the crimes for which he was convicted, and truthful answers to these questions may have subjected him to future state and federal criminal prosecutions. He also argues that testifying possibly could have subjected him to prosecutions for perjury because his grand jury testimony may have been inconsistent with statements he may have made at his criminal trial.

■■■■ A witness summoned before a grand jury is bound legally to testify, for the public has a right to every individual's evidence. *Mandujano,* 425 U.S. at 572, 96 S.Ct. at 1774, *quoting, United States v. Burr,* 25 F.Cas. 38 (C.C.Va.1807) (No. 14,-692e). "Absent a claim of privilege, the duty to give testimony remains absolute." *Id.* at 575, 96 S.Ct. at 1776. The Fifth Amendment privilege against self-incrimination cannot be asserted by a witness in order to protect others from possible criminal prosecution. *Id.* at 572, 96 S.Ct. at 1774. Nor may a witness claim the privilege as a blanket defense. Rather, the witness must make specific objections in response to specific questions. *United States v. Dick,* 694 F.2d 1117, 1119 (8th Cir.1982).

■■■■ Here it is clear that the petitioner had no claim to the Fifth Amendment's privilege against self-incrimination. For one thing, he was asked only if he knew certain individuals. An affirmative answer to those questions could not have formed the basis for a subsequent criminal prose-

cution: Second, the government asserts that the grand jury intended only to ask the petitioner questions which were directly related to his previous criminal conviction. If so, then the Fifth Amendment's privilege against self-incrimination was not available to the defendant because he could not possibly incriminate himself in crimes for which he had been convicted. *U.S. Const.* amend. V. Third, we note that the petitioner's fears are speculative. The grand jury may never ask the petitioner the questions he anticipates. "The constitutional protection against self-incrimination 'is confined to real danger and does not extend to remote possibilities....'" *Mason v. United States*, 244 U.S. 362, 365, 37 S.Ct. 621, 622, 61 L.Ed. 1198 (1917), *quoting, Heike v. United States*, 227 U.S. 131, 144, 33 S.Ct. 226, 228, 57 L.Ed. 450 (1913).

The petitioner fears that his testimony may subject him to future state and federal criminal prosecutions. The petitioner was tried and convicted previously in federal court for federal crimes. It has always been a distinct possibility that the state in which those same crimes were committed could prosecute the petitioner for those crimes. " 'Successive prosecutions by state and federal governments are not barred by the double jeopardy clause of the fifth amendment....' " *United States v. Bledsoe*, 728 F.2d 1094, 1098 (8th Cir.1984), *quoting, United States v. Brown*, 604 F.2d 557, 559 (8th Cir.1979). However, as the government concedes in its brief, if the grand jury questions go beyond the events which surrounded the crimes for which the petitioner has already been convicted, the petitioner will have the right to assert his privilege against self-incrimination. *See Rogers v. United States*, 340 U.S. 367, 374, 71 S.Ct. 438, 442, 95 L.Ed. 344 (1951); *Blau v. United States*, 340 U.S. 159, 161, 71 S.Ct. 223, 224, 95 L.Ed. 170 (1950); *Bursey v. United States*, 466 F.2d 1059, 1076 (9th Cir.1972).

The petitioner states that he also fears future prosecutions for perjury. The government, in response, cites the recent opinion in this court in *In re O'Brien*, 728 F.2d 1172 (8th Cir.1984), for the proposition that "truthful testimony before the grand jury poses no threat of prosecution for perjury based on prior inconsistent statements." *Id.* at 1174. The government's reliance on this case is misplaced. In *O'Brien*, the petitioner had been granted immunity. *Id.* at 1173. In this case, the government has not asked for, nor has the petitioner received, a grant of immunity. It is unclear whether the petitioner even testified at his criminal trial. However, if he did, and if upon questioning by the grand jury a truthful response would be inconsistent with his trial testimony, the petitioner is correct in his belief that he could be subject to a prosecution for perjury. Thus, he would have the right to invoke his Fifth Amendment privilege against self-incrimination. We, however, here have not reached that bridge. The specific question must relate to and be incriminating if answered by the witness.

In conclusion, we hold that the petitioner was afforded effective assistance of counsel, was not denied due process of law, nor had a valid claim to the Fifth Amendment's privilege against self-incrimination. Accordingly, the decision of the district court is affirmed.