# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DUNKIN' DONUTS, INCORPORATED, a
Delaware Corporation; SEVENTH
DUNKIN' DONUTS REALTY, a
Massachusetts Corporation,

> *Petitioners-Appellees,*

v.

THREE RIVERS ENTERTAINMENT AND
TRAVEL,

> *Respondent-Appellant.*

No. 02-1150

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CA-01-33-1)

Submitted: June 25, 2002

Decided: July 29, 2002

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Christ Romanias, Pittsburgh, Pennsylvania, for Appellant. Joseph
Edward Starkey, Jr., BUCHANAN INGERSOLL PROFESSIONAL
CORPORATION, Pittsburgh, Pennsylvania; Robert L. Zisk, Jeffrey

L. Karlin, Matthew L. Van Horn, SCHMELTZER, APTAKER & SHEPARD, P.C., Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Three Rivers Entertainment and Travel ("Three Rivers"), is a sole proprietorship owned and operated by Christ Romanias. Three Rivers appeals the imposition of $4100 in civil contempt sanctions the district court imposed on it for failing to comply with the orders directing it to comply with a subpoena duces tecum issued by Dunkin' Donuts. Three Rivers was not a party to the litigation out of which the subpoena issued but possessed documents that Dunkin' Donuts considered pertinent to its claims.

On appeal, Romanias raises three claims of error. First, he argues lack of notice of an order entered on October 31, 2001, finding Three Rivers in contempt and ordering it to pay $100 per day in sanctions for noncompliance. Second, he asserts that Three Rivers properly complied with the subpoena on October 1 by mailing over one hundred pages to Dunkin' Donuts' counsel, each page consisting of the front and the back of a canceled check. Finally, he complains the court prematurely entered its judgment and fine on December 18, 2001, when the court previously scheduled an evidentiary hearing for December 19 to determine whether Three Rivers could demonstrate good cause for failing to comply with the subpoena.

Federal Rule of Civil Procedure 45(e) empowers district courts to hold non-parties who fail to obey a subpoena in contempt. We review a contempt order for abuse of discretion. After careful review of the factual basis for Three Rivers' first two contentions, we reject them as meritless.

Nevertheless, we find the district court abused its discretion when it canceled the December 19 evidentiary hearing that the court itself scheduled to determine whether Three Rivers could demonstrate good cause for its failure to obey the subpoena or a good faith effort to comply. *See United States v. Darwin Constr. Co., Inc.*, 873 F.2d 750, 754 (4th Cir. 1989) (citing *Consolidation Coal Co. v. Local 1702, United Mine Workers of America*, 683 F.2d 827, 832 (4th Cir. 1982) (noting "a good faith attempt to comply, as well as substantial compliance or the inability to comply, can be defenses to a civil contempt order.")).

Following a hearing on November 26, the court issued an order that, in relevant part, described the posture of the subpoena enforcement proceedings in the following language: "On the issue of good cause, the parties briefly discussed [during the November 26 hearing] the history of their communications regarding the subpoena and Romanias' attempts to provide the information requested. Due to disputed facts, the Court was unable to resolve either the contempt issue or the question of attorneys' fees. Accordingly, the Court will hold an evidentiary hearing on December 19, 2001 at 8:30 a.m. to conclude this matter." (R. 11).

As a general principle, it has been observed that "[a]lthough there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the [alleged contemnor] be given the opportunity to be heard at a 'meaningful time and in a meaningful manner.'" *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). By canceling the December 19 hearing, the district court impermissibly denied Three Rivers the process the court itself concluded was due. The court's inability to determine the issue of good cause at the November 26 hearing logically means that it should not have simply canceled the December 19 evidentiary hearing and imposed sanctions for contempt without considering the evidence supporting good cause Three Rivers may have been prepared to adduce at that proceeding.

Accordingly we vacate the judgment of the district court and remand for the court to conduct an evidentiary hearing to determine whether Three Rivers can demonstrate good cause, as the court origi-

nally proposed to do.* We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*By this disposition, we indicate no view regarding whether the district court should or should not impose sanctions on Three Rivers for contempt. This decision is reserved initially for the district court.