**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arturo Ybarra GOMEZ, Defendant-Appellant.**

**No. 76–3690**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 10, 1977.

Roy R. Barrera, Terrence W. McDonald, San Antonio, Tex., for defendant-appellant.

John E. Clark, U. S. Atty., LeRoy Morgan Jahn, Robert S. Bennett, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Appellant, represented by counsel, pled guilty to possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1) and possession of a firearm during commission of a felony, 18 U.S.C. § 924(c). He was sentenced on May 19, 1976, to consecutive terms of fifteen years and five years, followed by a special parole term of fifteen years. On July 15, 1976, the government subpoenaed appellant to testify before the grand jury. A grant of immunity was signed on July 16. On July 29, appellant was taken before the grand jury and refused to testify. On the same day he was indicted for criminal contempt under 18 U.S.C. § 401. Appellant pled guilty on August 18, 1976, and was sentenced to fifteen years imprisonment to run consecutive to his prior sentence.

This appeal presents one question: whether the contempt sentence is excessive. In mitigation, appellant advised the court that he refused to testify out of fear for the safety of his family and himself. Counsel advised the court that appellant's home had been shot into.

In *United States v. Leyva*, 5 Cir. 1975, 513 F.2d 774, this court faced a situation very similar to the one presented here. Leyva initially received a sentence of twelve years for a narcotics (heroin) violation and a consecutive thirty-five year sentence for criminal contempt for refusing to testify before the grand jury. This court reduced the contempt sentence to two years, noting that the penalty for civil contempt would have been limited to eighteen months, 28 U.S.C. § 1826(a), perjury sentencing could not exceed five years, 18 U.S.C. §§ 1621, 1623, and obstruction of an investigation into narcotics violations would incur a maximum sentence of five years, 18 U.S.C. § 1510.

We feel that the considerations that compelled this court to reduce Leyva's contempt sentence apply here, particularly since the sentence runs consecutive to, rather than concurrent with, the sentence for narcotics and firearms offenses. In this situation, and in view of the testimony concerning fear for personal and family safety, the sentence of fifteen years for declining to testify is excessive. As the court stated in *Leyva, supra,* at 780: "[T]o be shocked at the severity of the sentence in this case does not demonstrate a lack of concern regarding the drug problem or a nonrecognition of the difficulties that law enforcement agencies have in enforcing [drug] laws."

Fear for personal and family safety, we make clear, is no defense to the crime of refusing to testify. *Piemonte v. United States*, 367 U.S. 556, 559 n. 2, 81 S.Ct. 1720, 6 L.Ed.2d 1028 (1961). It is, however, a legitimate factor in mitigation. *See Harris v. United States*, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965). The court should examine the sentence imposed on the defendant in relation to other sentences already imposed for other offenses, mitigating and aggravating factors, and the rehabilitation of the offender. Considerations of fairness, reasonableness, and justice must govern the sentencing process.

Accordingly, we modify appellant's sentence in this case to two years to be served consecutive to the sentences imposed for possession of heroin with intent to distribute and for possession of a firearm during commission of a felony.