**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Henry BRYAN,
Defendant-Appellant.**

No. 78–5489.

United States Court of Appeals,
Fifth Circuit.

March 23, 1979.

Rehearing Denied May 4, 1979.

**1162**

P. Bruce Kirwan, Federal Public Defender, Janet F. Perlman, Asst. Federal Public Defender, Atlanta, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., William F. Bartee, Jr., Andrew J. Ekonomou, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

Defendant appeals his jury conviction for escape from the custody of the Attorney General in violation of 18 U.S.C.A. § 751(a). While serving a 22-year sentence for bank robbery, defendant escaped from a hospital where he had been temporarily housed for medical treatment, after which he was to be returned to the Atlanta Federal Penitentiary.

Asserting duress or necessity as a defense, defendant claimed his escape was a direct result of his fear of being returned to the penitentiary where he allegedly had been and would be homosexually attacked by other inmates. Defendant argues the trial court erred when it: rejected that defense as a matter of law; refused to issue writs of habeas corpus ad testificandum to secure inmate witnesses to testify to assaults at the penitentiary; refused to prohibit disclosure of defendant's past convictions if he took the stand; charged the jury incorrectly regarding credibility of witnesses; and denied a mistrial when the prosecutor elicited a comment concerning defendant's post-arrest silence. Finding no merit in defendant's arguments, we affirm.

With the assistance of a hospital worker defendant fled from the hospital and remained at large for six months before he was arrested and detained in a county jail in connection with a murder. He was subsequently returned to federal authorities.

In response to the Government's motion to disallow defendant's proffered defense of duress or necessity and to quash certain subpoenas, the district court ruled defendant's duress defense unavailable as a matter of law since defendant had absented himself from custody for a period of six months. The district court correctly relied on the reasoning in *United States v. Michelson*, 559 F.2d 567 (9th Cir. 1977), and quoted the following:

> [A]n escape will not be excused by reason of duress if the escapee fails to submit to proper authorities immediately after attaining a position of safety. The inmate's failure to submit to proper authorities following the allegedly coerced escape amounts to an unexcused commission of the crime of escape. Therefore, when an escapee fails to submit to proper authorities, the asserted duress defense must be rejected because as a matter of law it does not negate the continued absence from custody.

*United States v. Michelson, supra* at 570.

The theory of such a defense is that outside physical forces so powerfully influence a defendant that his actions cannot be considered voluntary. Once he has attained a position of safety, however, his actions can no longer be considered involuntary.

Although defendant relies on the test set forth in *People v. Lovercamp*, 43 Cal.App.3d 823, 832, 118 Cal.Rptr. 110, 115 (1974), he even fails to comply with virtually all of the *Lovercamp* requirements. The court in

*Lovercamp* ruled duress could constitute a defense where:

(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;

(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

(3) There is no time or opportunity to resort to the court;

(4) There is no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape; and

(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

■ In this case, defendant was in a position of safety at the hospital when he escaped, he was not faced with a specific threat, forcible sexual attack or substantial bodily injury in the immediate future, he had ample opportunity at the hospital to complain to authorities and to petition the court, he showed no history of having made unanswered complaints on prior occasions to those authorities, and he did not immediately report to authorities once he was out of reach of the alleged dangers.

The other cases relied on by defendant are of no support to his duress argument. They involve substantially different facts and circumstances and do not apply here. *See, e. g., United States v. Bailey*, 190 U.S. App.D.C. 142, 585 F.2d 1087 (1978), *petition for cert. filed*, 47 U.S.L.W. 3437 (Dec. 18, 1978, No. 78–990); *United States v. Davis*, 546 F.2d 583 (5th Cir.), *cert. denied*, 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391 (1977); *United States v. Harp*, 536 F.2d 601 (5th Cir. 1976); *United States v. Chapman*, 455 F.2d 746 (5th Cir. 1972).

The court correctly determined there was no factual basis for defendant to raise a duress or necessity defense.

This ruling controls the decision as to the district court's refusal to issue writs habeas corpus ad testificandum to secure the presence of inmate witnesses at trial. The prison conditions about which defendant's witnesses could testify, and his state of mind resulting therefrom, can be assumed, but defendant's failure to complain to authorities while he was in the hospital and his failure to contact authorities during the six-month period he was at large defeat his defense.

■ Defendant had been previously convicted of escape, bank robbery, voluntary manslaughter, and murder. It was within the trial court's discretion to permit cross-examination as to defendant's past convictions for the purpose of impeachment, if defendant took the stand.

■ The district court charged the jury, *inter alia*, to consider "the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case." Defendant contends the charge placed a burden on defendant to contradict the Government's witnesses and deprived him of his Fifth Amendment rights. On review, we conclude the district court simply directed the jury's attention to the totality of the evidence in the case and committed no reversible error.

■ Defendant contends the Government improperly commented on his post-arrest silence and deprived him of his constitutional right to remain silent. A Government agent testified that when he went to the jail after defendant's apprehension, defendant Bryan came to the cell door when the name Rodney B. Brown was called but said nothing. In this context, coupled with the district court's cautionary instruction, the response "Nothing" in answer to the question "What did he [defendant] tell you?" did not violate defendant's constitutional right to remain silent.

AFFIRMED.