In re GRAND JURY PROCEEDINGS.

UNITED STATES of America
v.
Mark A. GRAVEL.

No. 79–3001
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1979.

Rehearing Denied Dec. 17, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Camille F. Gravel, Jr., Alexandria, La., for appellant.

Ronald A. Fonseca, Robert J. Boitman, Asst. U. S. Attys., New Orleans, La., for appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

This is an appeal from an order, entered under 28 U.S.C. § 1826, adjudging Mark A. Gravel in civil contempt for his refusal to testify before a federal grand jury.

Gravel pleaded guilty on July 13, 1979, to federal charges of conspiracy to distribute cocaine and to possession of cocaine. On July 19 he was called before a federal grand jury in the Eastern District of Louisiana, where he was granted use immunity and questioned regarding the source of the cocaine. He declined to reveal the identity of his source and gave the following explanation:

. . . [T]here are many reasons such that there have been threats made on my life in regards to this matter, I have entered a guilty plea in two counts of the indictment; my attorney has told the United States District Attorney's Of-

fice before I entered such a plea and before the plea bargain agreement, you know, that I would not be able to reveal my sources because of the threats, harassment by the press, leaks by Government sources to the press, conflicts between the Drug Enforcement Agency and myself on a statement that I voluntarily gave between amounts of money confiscated from me and amounts reported; misrepresentation by the press and them quoting informed sources and informed observers and things of that matter.

Gravel was called before the district judge who ordered him to respond to the questions asked by the grand jury. Gravel declined. He was cited for contempt and a show cause hearing was conducted on August 9. At the hearing Gravel reiterated his refusal to answer and was permitted to describe to the judge, *in camera* and without any representative of the government present, threats he claims to have received. The *in camera* testimony was sealed and sent forward to this court, and we have examined it. At the August 9 hearing the government stated that it had been and still was prepared to offer Gravel protection from any threats against him. The court found there was no just cause for Gravel's refusal to answer and held him in contempt and ordered that he be confined until he is willing to testify, but not to exceed the term of the grand jury and in no event to exceed 18 months.

The criminal case had been transferred to the Western District of Louisiana. On August 17 Gravel was sentenced by that court to two concurrent ten-year terms of imprisonment to be followed by concurrent special parole terms of three years.

■ The order holding Gravel in contempt was entered August 9, 1979. Section 1826(b) provides that an appeal from an order of confinement under § 1826 shall be disposed of as soon as practicable but not later than 30 days from the filing of the appeal. In many § 1826 cases, it is not possible within the 30-day period for a record to be prepared and forwarded to this court, for the parties to write briefs, and

for the court then to give full consideration to the appeal. Pursuant to the practice of this circuit we entered an order extending to October 16, 1979, the time in which this court should decide the appeal, and the parties have proceeded on an expedited briefing schedule.[1]

In this appeal Gravel attempts to invoke duress as a defense to the contempt charge, based primarily upon his testimony that he has been told he will be killed if he reveals the source of the cocaine he possessed. Some authority recognizes duress as a defense to a criminal prosecution. *People v. Lovercamp*, 43 Cal.App.3d 823, 832, 118 Cal. Rptr. 110, 115 (1974), discussed in *U. S. v. Bryan*, 591 F.2d 1161 (CA5, 1979), a criminal prosecution for escape. Under the *Lovercamp* criteria there must be: (1) specific threat of death, forceable sexual attack or serious bodily injury in immediate future; (2) no time to complain to authorities or a history of futile complaints; (3) no opportunity to resort to court; (4) no force or violence used by defendants toward others; (5) prompt report by defendant to authorities once he is in a position of safety. In *Bryan* we did not adopt the *Lovercamp* indicia but held that, assuming they were applicable, the defendant did not comply with them because he escaped when he was in a place of safety and despite opportunity to complain to authorities he did not immediately complain.

In both civil and criminal contempt cases this circuit has held that fear for personal and family safety is not a defense to a charge arising from refusal of a witness to testify. *In Re Grand Jury Proceedings*, 509 F.2d 1349 (CA5, 1975); *U. S. v. Gomez*, 553 F.2d 958 (CA5, 1977). We have, however, held that such fear is a legitimate factor in mitigation. *Gomez, supra.* At least one other circuit has considered duress to be a defense to a contempt charge. *U. S. v. Patrick*, 542 F.2d 381, 388 (CA7, 1976), cert. denied, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977) (criminal contempt).

██ It is not necessary that we decide whether duress can never be invoked in a contempt case, and if it can be invoked at all whether it can be raised in a civil contempt context, or whether, in view of our decisions these questions can be reached by only the court en banc. Assuming arguendo that Gravel can raise a duress defense, he has not brought himself within it. The government has made available to him an alternative course of conduct by offering him protection from the asserted threats. He has declined to accept this alternative on the ground that the protection would be ineffective. Gravel cannot have his cake and eat it too. Society has a powerful interest in a grand jury's having available to it the testimony of a witness with knowledge of matter under investigation. *Piemonte v. U. S.*, 367 U.S. 556, 559 n. 2, 81 S.Ct. 1720, 6 L.Ed.2d 1028, 1031 n. 2 (1961). The

---

1. Where appropriate, we will enter an order extending the time within which the appeal must be decided. *E. g., In Re: Tierney*, 465 F.2d 806, 809 (CA5, 1972), *cert. denied*, 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973); *Beverly v. U. S.*, 468 F.2d 732, 740–42 (CA5, 1972); *In Re: Grand Jury Proceedings*, 532 F.2d 404, 406 n. 3 (CA5), *cert. denied sub nom. Field v. U. S.*, 429 U.S. 940, 97 S.Ct. 354, 50 L.Ed.2d 309 (1976). The First Circuit has decided an appeal beyond the 30-day limit apparently without entering an order extending the time. *U. S. v. Doe*, 460 F.2d 328, 332 n. 3 (CA1, 1972), *cert. denied sub nom. Popkin v. U. S.*, 411 U.S. 909, 93 S.Ct. 1527, 36 L.Ed.2d 199 (1973). In the Eighth Circuit when the court cannot decide the case within the 30-day period the appellant has been released from custody pending decision. *Melickian v. U. S.*, 547 F.2d 416 (CA8), *cert. denied*, 430 U.S. 986, 97 S.Ct. 1684, 52 L.Ed.2d 381 (1977). *Cf. In Re January 1976 Grand Jury*, 534 F.2d 719 (CA7, 1976), and *Brown v. U. S.*, 465 F.2d 371 (CA9, 1972) (stay granted pending appeal and decision entered beyond 30 days). The Tenth Circuit has held that the 30-day period is mandatory and cannot be extended by waiver, stay or release on personal recognizance. *Matter of Berry*, 521 F.2d 179 (CA10), *cert. denied*, 423 U.S. 928, 96 S.Ct. 276, 46 L.Ed.2d 256 (1975). The difficulties of this position are demonstrated by *Berry*, in which the court put the burden on the appellant but found it impossible to examine the voluminous documents in the record and to do any more than hurriedly review the transcript and the complex briefs. *Id.* at 181. Several decisions have recognized that a serious constitutional problem would be created if a court did not decide an appeal within 30 days and the period were treated as jurisdictional.

witness may not frustrate the grand jury's access to the information on the basis that he will be put in danger by giving it, and, at the same time, reject an offer to remove or minimize the danger. This is not to say that the government would be required to offer perfect protection, if that is ever possible. The government's offer to protect Gravel is at least a reasonable alternative available to him, and he has refused to avail himself of it. Thus, even if duress is otherwise available as a defense, Gravel has not brought himself within it.[2]

The judgment of the district court is AFFIRMED.

---

**2.** Gravel's assertions of misrepresentations and harassment by the press, leaks to the press, and conflicts with government agents, would not trigger a duress defense, even if such a defense is applicable.

Gravel also refers to discussion during plea bargain negotiation in which he states he told government representatives that he would be unable to reveal his cocaine source. He does not claim that a bargain was made that he was not to be called to testify, but to the contrary acknowledges that the government told him that he might be called. Thus there is no assertion that a plea bargain was breached.