## In re GRAND JURY PROCEEDINGS.

### Appeal of William T. BURNS.

No. 81–3334
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 17, 1981.
Rehearing Denied Sept. 29, 1981.

Frank G. DeSalvo, New Orleans, La., for appellant.

Harry William McSherry, Michael Schatzow, Asst. U. S. Attys., New Orleans, La., for the United States.

Before GEE, RUBIN and RANDALL, Circuit Judges.

GEE, Circuit Judge:

Appellant Burns brings this expedited appeal from an order incarcerating him for civil contempt. His brief relates the facts:

The facts in the instant case are uncontested. Appellant was convicted of conspiracy to distribute cocaine. Prior to the jury's returning a verdict, Burns indicated that he would cooperate with the government regardless of the verdict. However, several days after his conviction, the government's main witness . . . was assassinated by a bomb which exploded when [he] attempted to start his truck. Death was not instantaneous, but rather was particularly gruesome. Upon hearing of the death of [the witness] Burns immediately contacted the F.B.I. and was administered a polygraph test, the results of which demonstrated his total lack of involvement in the bombing incident.

Thereafter Burns was served with a Grand Jury subpoena and was granted use immunity to testify concerning cocaine transactions with persons whom Burns believes probably had a connection with [the witness'] death. The timing and manner of [the witness'] death would tend to substantiate Burns' belief. Burns refused to testify citing his fear for the safety of himself and his family and also the belief based on a statement by a DEA agent that there was sufficient evidence to indict the person whom Burns was to testify against and therefore his testimony was merely cumulative, unwarranted and therefore a form of harassment.

A hearing was held before the District Court and Burns was found to be in contempt and is now incarcerated, pursuant to Title 28, United States Code, Section 1826, which states in pertinent part:

Whenever a witness in any proceeding before or ancillary to any court or

grand jury of the United States refuses without *just cause* shown to comply with an order of the court to testify____the court, upon such refusal may summarily order his confinement until such time as the witness is willing to give such testimony____. No period of such confinement shall exceed the life of:

(1) The court proceeding;

(2) The term of the grand jury, including extentions—but in no event, shall such confinement exceed eighteen months.

(emphasis added).

The question now before this court is whether Burns has "just cause" for his refusal to testify.

Assuming the facts to be as Burns puts them,[1] his appeal is meritless. The sole authority of this circuit cited by Burns as supporting the view that fear for personal or family safety is a defense to contempt charges is squarely to the contrary:

In both civil and criminal contempt cases this circuit has held that fear for personal and family safety is not a defense to a charge arising from refusal of a witness to testify. *In Re Grand Jury Proceedings*, 509 F.2d 1349 (CA5, 1975); *U. S. v. Gomez*, 553 F.2d 958 (CA5, 1977). We have, however, held that such fear is a legitimate factor in mitigation. *Gomez, supra.* At least one other circuit has considered duress to be a defense to a contempt charge. *U. S. v. Patrick*, 542 F.2d 381, 388 (CA7, 1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977) (criminal contempt).

It is not necessary that we decide whether duress can never be invoked in a contempt case, and if it can be invoked at all whether it can be raised in a civil contempt context, or whether, in view of our decisions these questions can be reached by only the court en banc. As-suming arguendo that Gravel can raise a duress defense, he has not brought himself within it. The government has made available to him an alternative course of conduct by offering him protection from the asserted threats. He has declined to accept this alternative on the ground that the protection would be ineffective. Gravel cannot have his cake and eat it too. Society has a powerful interest in a grand jury's having available to it the testimony of a witness with knowledge of matter under investigation. *Piemonte v. U. S.*, 367 U.S. 556, 559 n.2, 81 S.Ct. 1720, 6 L.Ed.2d 1028, 1031 n.2 (1961). The witness may not frustrate the grand jury's access to the information on the basis that he will be put in danger by giving it, and, at the same time, reject an offer to remove or minimize the danger. This is not to say that the government would be required to offer perfect protection, if that is ever possible. The government's offer to protect Gravel is at least a reasonable alternative available to him, and he has refused to avail himself of it. Thus, even if duress is otherwise available as a defense, Gravel has not brought himself within it.

*In re Grand Jury Proceedings (Gravel)*, 605 F.2d 750, 752–53 (5th Cir. 1979) (footnote omitted). Burns admits that, like Gravel, he was offered protection by the government. He declined this offer on the grounds that accepting it and the new family identity it would entail would disrupt his "established business" and the academic careers of his family. As we noted in the passage quoted above from *Gravel*, Burns "cannot have his cake and eat it too."

This appeal, taken squarely in the teeth of an opinion cited by Burns and by which his counsel knows we are inflexibly bound, is frivolous. A waste of our time and that of all concerned, this expedited matter has shouldered aside arguably meritorious ap-

---

1. The suggestion that Burns' testimony would be "merely cumulative" is dubious. One DEA agent, apparently the one in question, flatly denied making such a statement, explaining that when he served the grand jury subpoena on Burns he "tried to console him and show him that if there were other witnesses it would take more or less the heat off of just him being in court by himself." At all events, the quantum of evidence to be presented to the grand jury is for the prosecutor alone to decide, not for the prospective witnesses.

peals and insured that their disposition is delayed. We therefore affirm the judgment below and award double costs to appellee, its expenses of the appeal, and reasonable attorneys' fees to be fixed by the court below. Rule 38, Federal Rules of Appellate Procedure. It is so ORDERED.