**Julio PORRATA, et al., Plaintiffs–Appellees,**

v.

**Leonardo GONZALEZ–RIVERA, etc., et al., Defendants–Appellants.**

**No. 91–1564.**

United States Court of Appeals,
First Circuit.

Heard Nov. 4, 1991.

Decided March 4, 1992.

merits notwithstanding that it was supported by a sworn copy of the same statement.

Sylina Roger Stefani, with whom Alice Net Carlo and García Rodón, Correa Márquez & Valderas, were on brief for defendants-appellants.

Aida M. Medina–Tolentino, with whom Olga Cuebas–Vázquez and Manuel Alberto Díaz–Rivera, were on brief for plaintiffs-appellees.

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and SKINNER,* District Judge.

TORRUELLA, Circuit Judge.

Appellant Leonardo González, the Secretary of the Department of Sports and Recreation of Puerto Rico ("the Department") and General Manager of the Sports Development Company ("the Company"), appeals from an order of the district court holding him in contempt for violating a consent decree. We affirm.

I

Rafael A. Rodríguez began to work for the Department in August of 1983. On July 18, 1986, Rodríguez and 29 other employees of the Department and the Company brought suit under 42 U.S.C. § 1983 alleging that appellant González violated their first amendment rights by dismissing them from the Department on account of their political affiliation with the Partido Nuevo Progresista ("PNP").

Almost three years later, in 1989, the parties reached an agreement to settle the case. Pursuant to this agreement, the district court entered judgment by consent on March 20, 1989, reinstating all plaintiffs to their former jobs and awarding them compensatory damages and attorney's fees. Consequently, Rodríguez was reinstated to a "Worker I" level position, specifically, recreational leader in the Company.[1] The consent decree, which was binding on both the Company and the Department provided *inter* alia that

> for seniority purposes or in connection with any lay-off plan, plaintiffs shall be considered as having worked uninterruptedly since their first respective dates of employment with the Department of Sports and Recreation of Puerto Rico. The period comprised between plaintiffs' termination and their reinstatement to career positions on July 1st 1989, shall be considered as time served.

App. at 5.

On June 30, 1990, the Company implemented a severance plan affecting 175 employees, including Rodríguez and Héctor Feliciano, both of whom held the status of "Worker I" in the Arecibo region. Feliciano had only been hired by the Company in May 1, 1990 and therefore he was only a probationary employee. On October 1, 1990, however, Feliciano was re-hired to a position in the "Worker I" level in the Department while no position was offered to Rodríguez.[2] On October 26, 1990, Rodríguez filed a motion to adjudge appellant González in contempt on the ground that González had violated the consent decree of

---

\* Of the District of Massachusetts, sitting by designation.

1.  Actually, on June 13, 1989, Rodríguez filed a motion to hold González in contempt alleging that González had failed to reinstate him to the position of recreational leader in the Company as required by the consent decree. The district

court held a hearing on August 31, 1989, and declared the issue moot since Rodríguez was reinstated to that position.

2.  The criteria for rehiring former employees is seniority by region. App. at 62.

March 20, 1989 by granting tenure in the Department to another employee laid-off by the Company, Héctor Feliciano, who has less seniority than Rodríguez and who is affiliated with the Partido Popular Democrático ("PPD").[3]

On April 30, 1991, the district court held a hearing on Rodríguez' motion for contempt. The district court found

no logical explanation as to why Feliciano who had only one month of seniority, [and] was not even a permanent employee—[it] takes three months probationary period to become a regular employee or career employee—was offered this job at the [Department], completely ignoring the plaintiff who had almost seven times [the] seniority of [Feliciano].

App. at 82–83.

Finding that the consent decree specifically provided as a remedy that Rodríguez had to be considered by the Department prior to a candidate with less seniority, the district court held González in contempt and ordered the reinstatement of Rodríguez to his job classification as Worker I with the Department, with career status, with the same salary and with the same fringe benefits plus back pay retroactive from October 1, 1990. González appealed.

## II

■ Consent decrees have to be specific and any ambiguities or omissions in the decree are construed against the person alleging a violation of the consent decree and invoking the contempt sanction. *NBA Properties, Inc. v. Gold*, 895 F.2d 30, 32 (1st Cir.1990). A motion for contempt will be granted only if the complainant can offer clear and convincing evidence that a lucid and unambiguous consent order has been violated. *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir.1991); *NBA Properties*, 895 F.2d at 32.

■ We review the district court's finding of contempt for abuse of discretion. *Project B.A.S.I.C.*, 947 F.2d at 16; *In Re Grand Jury Proceedings*, 943 F.2d 132,

136 (1st Cir.1991); *Langton v. Johnston*, 928 F.2d 1206, 1220 (1st Cir.1991).

## III

The sole issue in this appeal is whether the district court abused its discretion in finding appellant González in contempt. González asserts that Rodríguez is attempting to use a motion for contempt to bring forth a new and unrelated claim which has no connection to the consent decree of March 20, 1989. According to González, the Company and the Department are separate legal entities,[4] and therefore, the Department has no obligation to recall the employees laid-off by the Company.

■ We need not reach the issue of whether the Company and the Department are separate legal entities. In this case, González entered into a consent decree that for purposes of future severance plans binds the Department. The plain language of that decree specifically provides that for seniority purposes or *in connection with any severance plan*, Rodríguez would be considered as "having worked uninterruptedly since [his] first respective date[ ] of employment with the Department," that is, August 1983.[5] Although this provision literally did no more than to grant to employees seniority credit for the period during which they had been terminated, we think it must also be read to implicitly require the Department to adhere in good faith to the seniority system in its future personnel decisions, and not to sabotage that system in order to effect further politically-inspired appointments. An express promise to make up seniority credit would have been meaningless if future personnel decisions were not to be based on employees' seniority, free from further political discrimination. González was therefore required by the decree to re-hire Rodríguez before offering a position to a similarly qualified candidate with less seniority.

■ González further argues that since it was never stipulated by the parties in the consent decree that he had discriminated on

---

**3.** App. at 83.

**4.** *See generally* 15 L.P.R.A. § 505.

**5.** App. at 5.

the basis of political affiliation, the court had no basis to conclude that he discriminated against Rodríguez on the basis of his political beliefs.[6] At the hearing, however, evidence was presented that Feliciano is affiliated with the PPD and that Rodríguez belongs to the PNP. Furthermore, González has not offered a legitimate explanation for his refusal to re-hire Rodríguez, such as that Feliciano had special skills or that Rodríguez had performed deficient work. The circumstantial evidence before the district court properly supports the court's finding that Rodríguez was not re-hired on account of his political affiliation.[7] Such conduct clearly violated the requirement, implicit in the language and purpose of the consent decree, that defendants make such decisions in good faith on the basis of seniority rather than on the same illegal political basis the decree was designed to remedy.

The judgment of the district court finding appellant González in contempt is *affirmed.* Costs to appellees.

---

**6.** The district court concluded:
The evidence was presented here that Feliciano belongs to the PNP—I mean, to the PPD and that plaintiff Rafael Rodríguez belonged to the PNP ... and [that] the person who did the layoff and who did the recall was the same person, the defendant herein. So I think that I can make and I am making a reasonable conclusion based upon the evidence that Mr. Rafael Rodríguez Medina was not rehired because of his political affiliation to the New Progressive Party.

App. at 83.

**7.** *Cf. Rufo v. Inmates of Suffolk County Jail,* —— U.S. ——, 112 S.Ct. 748, 763, 116 L.Ed.2d 867 (1992) ("Once a moving party has met its burden of establishing either a change in fact or in law warranting modification of a consent decree, the district court should determine whether the proposed modification is suitable tailored to the changed circumstance.").