# United States Court of Appeals
## For the First Circuit

No. 25-1009

UNITED STATES,

Appellee,

v.

DANIELLE MCBREAIRTY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Stacey D. Neumann, U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Tyler J. Smith, with whom Libby O'Brien Kingsley & Champion, LLC was on brief, for appellant.

Brian S. Kleinbord, Assistant United States Attorney, with whom Craig M. Wolff, Acting United States Attorney, was on brief, for appellee.

February 20, 2026

**BARRON**, **Chief Judge**. Danielle McBreairty ("McBreairty") was called by the government to testify in a criminal trial in the United States District Court for the District of Maine. Invoking her privilege against self-incrimination under the Fifth Amendment of the United States Constitution, she refused to do so. The District Court granted her statutory immunity for her testimony, but she continued to refuse to testify. The District Court found McBreairty in criminal contempt as a result, and she appeals the criminal contempt order. We affirm.

**I.**

On December 9, 2024, the government filed a memorandum in United States v. Corbett, No. 1:22-cr-00023-SDN (D. Me. Judgment entered on Oct. 30, 2025) (hereinafter "the Corbett trial"), that informed the District Court that it planned to call McBreairty as a witness in the upcoming criminal trial in that case and that she intended to invoke her Fifth Amendment privilege against self-incrimination. McBreairty's counsel received a copy of this memorandum. It stated that, if McBreairty invoked her privilege, then it would move for the District Court to order McBreairty to testify pursuant to 18 U.S.C. §§ 6002-6003. In relevant part, 18 U.S.C. § 6002 provides that "[w]henever a witness refuses, on the basis of his privilege against self-incrimination, to testify" and the presiding judge "communicates to the witness an order issued

- 2 -

under this title, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination," but "no testimony or other information compelled . . . may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order."[1]  We see no indication in the record that counsel for McBreairty responded to or otherwise objected to the government's proposed procedure.

As planned, the government called McBreairty to testify in the Corbett trial on December 11, 2024.  During direct examination, after answering a few questions, McBreairty invoked her Fifth Amendment privilege against self-incrimination.  The government continued to ask questions, and McBreairty continued to invoke her Fifth Amendment privilege in refusing to answer them.

---

[1] Specifically, 18 U.S.C. § 6003(a) states that the district court judge in the relevant jurisdiction "shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination."  Subsection (b) then makes clear the conditions under which a United States attorney may make such a request, namely when the request has been approved by the "Attorney General, the Deputy Attorney General, the Associate Attorney General, or any designated Assistant Attorney General or Deputy Assistant Attorney General," and when the United States attorney finds "in his judgment" that "the testimony . . . may be necessary to the public interest" and "such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination."  Id. § 6003(b).

In response to the District Court's inquiry, McBreairty confirmed her intention to assert her Fifth Amendment privilege in response to all further questions from the government. The government then requested that, pursuant to its memorandum, the District Court order McBreairty to testify.

The District Court followed suit. In ordering McBreairty to testify, it explained that "no testimony or other information compelled . . . or any information directly or indirectly derived from such testimony or other information may be used against Danielle McBreairty in any criminal case except in a prosecution for perjury or giving a false statement or for otherwise failing to comply with the order." In response, McBreairty's attorney stated on the record that it was his position that the statutory immunity granted was not coextensive with McBreairty's Fifth Amendment privilege.

After hearing from both McBreairty and the government on this point, the District Court noted that it had ordered McBreairty to testify and found that "the statutory immunity encompasses the Fifth Amendment." The District Court warned McBreairty that further refusals could be met with criminal contempt. McBreairty continued to refuse to testify, and the District Court held McBreairty in criminal contempt. McBreairty appeals the order of criminal contempt. We affirm.

**II.**

We review a district court's order of criminal contempt for abuse of discretion when the challenge to the order is preserved. United States v. Winter, 70 F.3d 655, 659 (1st Cir. 1995) (citing In re Grand Jury Proceedings, 943 F.2d 132, 136 (1st Cir. 1991)). We review factual findings for clear error and legal questions de novo. Id.

**III.**

McBreairty acknowledges that the statutory immunity she received prevents the government from prosecuting her for prior perjury that comes to light during her immunized testimony. See United States v. Cintolo, 818 F.2d 980, 988 n.5 (1st Cir. 1987) ("The law is settled that a grant of immunity precludes the use of immunized testimony in a prosecution for past perjury . . . ."). But she argues that nothing in the text of 18 U.S.C. §§ 6002-6003 ensures that prior statements "cannot be used to prove the alleged falsity of testimony given under a grant of immunity." She argues on that basis that the statutory immunity she was given does not protect her from a situation in which, "armed with two competing statements, the Government could potentially prosecute McBreairty for perjury given in the Corbett trial under the theory that the prior statements were true and the immunized statements were false." In other words, McBreairty argues, her Fifth Amendment

privilege is not coextensive with the statutory immunity she was given because that immunity does not protect her from the risk that the government will <u>think</u> she is lying under oath.[2]

But McBreairty fails to cite to a single case that confers on a witness -- under the Fifth Amendment or any privilege or immunity -- the privilege to not testify to avoid the risk that the government could prosecute the witness for committing perjury in giving the testimony that is subject to the grant of immunity.[3] She also does not attempt to explain why the risk that the prosecution might claim that her testimony is false is even a risk against which the Fifth Amendment protects. We therefore do not see how the District Court abused its discretion in finding that the statutory immunity granted was coextensive with the Fifth Amendment privilege against self-incrimination, insofar as

---

[2] We note that there is precedent that 18 U.S.C. § 1623(c), which allows for a perjury conviction when a defendant "under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false" without requiring that a jury decide which of the statements is false, does not apply when a defendant receives statutory immunity for one of the statements. See In re Grand Jury Proceedings, 644 F.2d 348, 350 (5th Cir. 1981). McBreairty does not suggest otherwise.

[3] McBreairty cites to an Eighth Circuit case for the proposition that "a witness's truthful testimony that was contradicted by prior testimony could expose the witness to a prosecution for perjury based on testimony given in the latter proceeding." (Citing In re Grand Jury Subpoena, 739 F.2d 1354, 1360 (8th Cir. 1984).) But, as the government correctly points out, the defendant in that case had not been granted immunity. In re Grand Jury Subpoena, 739 F.2d at 1360.

McBreairty argues that the immunity, to be coextensive, must immunize her from being prosecuted for perjuring herself in the testimony she refused to give.

McBreairty did advance at oral argument a distinct and novel ground for challenging the District Court's criminal contempt order which she did not raise to the District Court. She argued that the District Court accepted as valid her assertion of the Fifth Amendment privilege based on the possibility that she could be prosecuted for perjuring herself in the testimony for which she had been granted immunity and not only for having perjured herself in prior testimony based on inconsistencies that the immunized testimony might reveal. She contends on that basis that the District Court was obliged to explain how the grant of immunity was coextensive with that purported claim of privilege. But, she argues, the District Court failed to do so and so abused its discretion in issuing the order of criminal contempt based on her refusal to testify.

Even treating this argument as preserved, we see no merit to it. See United States v. Pizarro-Berríos, 448 F.3d 1, 5 (1st Cir. 2006) ("We have consistently held that, except in extraordinary circumstances, arguments not raised in a party's initial brief and instead raised for the first time at oral argument are considered waived."). The premise of this argument is that the District Court accepted as valid McBreairty's

invocation of the Fifth Amendment privilege insofar as she was claiming a privilege against being prosecuted for perjuring herself in her Corbett trial testimony. McBreairty seems to be contending that the District Court must be understood to have done so because it granted McBreairty immunity under 18 U.S.C. §§ 6002-6003, which issues when, among other requirements not in dispute here, an individual refuses to testify "on the basis of his privilege against self-incrimination." 18 U.S.C. § 6003. In other words, McBreairty seems to be assuming that because the District Court granted the statutory immunity, it must have agreed that McBreairty had a valid Fifth Amendment claim of privilege that protected her from a perjury charge based on her perjuring herself in the sought-after Corbett testimony.

In fact, though, the District Court explicitly noted in granting the immunity that it was "ordering that no testimony or other information compelled from Danielle McBreairty or any information directly or indirectly derived from such testimony or other information" may be used "against Danielle McBreairty in any criminal case except in a prosecution for perjury or giving a false statement or for otherwise failing to comply with the order." (Emphasis added.) Furthermore, the District Court, in a colloquy with the government, confirmed that "of course, there's no Fifth Amendment privilege to submit false testimony before the Court.

- 8 -

So if anything today were to be false, that would be outside of the asserted privilege anyway."

Thus, there is every indication that the District Court understood McBreairty's asserted Fifth Amendment privilege to cover testimony that would highlight and expose her to criminal prosecution for past wrongdoing. Indeed, the District Court pointed out that, when it referred both parties to In re Grand Jury Proceedings, that "the immunity granted does not cover any prospective, potential perjury or false statements, but [covers] any alleged past perjury or false statements." See 644 F.2d 348, 350 (5th Cir. 1981) ("[I]t is well established that the exception under the immunity statute, 18 U.S.C. § 6002, which authorizes prosecution for perjury, as construed by this Court and elsewhere forecloses the government from prosecuting an immunized witness for perjury based upon prior false statements.").

Thus, this ground for challenging the order of criminal contempt rests on an unsupported factual premise about what the District Court did when it granted McBreairty statutory immunity. We therefore reject it, even assuming that it is properly before us.

## IV.

The judgment entering the order of criminal contempt is **affirmed**.